# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| MARCUS WATKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | Civil Action File No. |
| | : | 7 : 09-CV-131 (HL) |
| OFFICER ATKINSON, | : | |
| | : | |
| Defendant. | : | |

## **RECOMMENDATION**

Presently pending in this *pro se* prisoner action under 42 U.S.C. § 1983 is Defendant's motion for summary judgment (Doc. 18). Plaintiff was advised of the filing of the motion and the importance of filing a response thereto. (Doc. 23). Plaintiff has failed to file any response to the motion.

According to Plaintiff, he was allegedly injured on or around October 13, 2009, during a fight with another inmate, Derrick Cochran ("Cochran"), at the Thomas County Jail ("the Jail"). (Doc. 7, p. 4; Doc. 24 Pl. Depo. pp. 9-34). Plaintiff alleges that Atkinson, who was an officer at the Jail, violated his constitutional rights by allowing Cochran to enter Plaintiff's dorm and jail cell shortly before the alleged fight occurred. (Doc. 24 Pl. Depo., pp. 51- 52). Specifically, at the time of the alleged incident, Plaintiff was assigned to confinement in a cell located within dorm B-4 at the Jail. (*Id.*, pp. 12, 17). Cochran was assigned to confinement in a cell located within dorm B-3. (*Id.*, p. 17). Inmates cannot walk to and from dorms B-4 and B-3 unless the doors are unlocked. (*Id.*, p. 10).

According to Plaintiff, on October 13, 2009 around 7:00 p.m., he was preparing to take a shower in dorm B-4, when another, unidentified inmate in dorm B-4 threw water into dorm B-3. (*Id.*, pp. 10-15). Plaintiff apparently understood that the water was intended to get the attention of

someone other than Cochran, but it allegedly landed on Cochran. (*Id.*, p. 16). Remarks among the inmates in dorm B-4 and B-3 began about who was responsible for throwing the water. (*Id.*, pp. 13-14). Although Plaintiff initially participated in the remarks, he decided to ignore the situation and got into the shower. (*Id.*) When Plaintiff finished his shower, he walked into his cell, and he heard the locked door of B-4 "pop," which means it became unlocked. (*Id.*) At that time, Plaintiff could see that Atkinson was working alone in the control room where jail officials can control the locked doors of dorms B-4 and B-3. (*Id.*, p. 23).

After the door of dorm B-4 was unlocked, Cochran and another inmate, Collins Jones, allegedly walked into the dorm, and then into Plaintiff's cell, where they confronted Plaintiff's cellmate, Everette Hanford, about the water thrown into B-3. (*Id.*, p. 14). Plaintiff allegedly told Cochran that Hanford was not the inmate that threw the water, which caused Cochran to falsely accuse Plaintiff of throwing the water. (*Id.*, pp. 12-13, 17-18). Immediately thereafter, Cochran ran up to Plaintiff, and he and Plaintiff swapped punches to the face and began wrestling. (*Id.*) During the fight, Plaintiff allegedly slipped and injured his back on the side of a cell bed. (*Id.*, pp. 18-19).

A crowd of inmates watched as the two fought. (*Id.*, p.21). Atkinson ran to the scene of the fight and began shaking a chemical deterrent which Plaintiff thought to be mace. (*Id.*, pp. 24-26). Atkinson demanded that Plaintiff and Cochran stop fighting. (*Id.*). That warning caused the fight to stop, and fellow inmates separated Plaintiff and Cochran because, according to Plaintiff, "nobody [wanted] to get sprayed [with the chemical deterrent]." (*Id.*, p. 26). After the fight ended, Atkinson escorted Cochran to isolated confinement. (*Id.*, p. 22).

During his deposition, Plaintiff stated that he really did not want to sue Atkinson over the alleged incident. (*Id.*, pp. 50-51). Instead, Plaintiff stated that he wanted to sue "the jailhouse because (Atkinson) worked for the jail." (*Id.*) Plaintiff named Atkinson as a Defendant because

Atkinson allegedly "made a mistake," and "failed to do his job," by unlocking the door to dorm B-4 which allowed Cochran to enter and that, in turn, resulted in the alleged fight between Cochran and Plaintiff. (*Id*., pp. 51-52).

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Welch v. Celotex Corp*., 951 F.2d 1235 (11th Cir. 1992)(citing *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp*., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances,

the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Qualified Immunity*

Defendant asserts that he is entitled to qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

"Clearly established law" is law that is sufficiently established so as to provide public officials with "fair notice" that the conduct alleged is prohibited. *Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." (internal citations and quotation omitted)).

*Eighth Amendment*

The protection of inmates against attacks from other inmates is a condition of confinement subject to the strictures of the Eighth Amendment. *Wilson v. Setter,* 501 U.S. 294, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *LaMarca v. Turner,* 995 F.2d 1526, 1535 (11th Cir.1993). In order to establish a claim based on a failure to prevent harm by another inmate, a plaintiff must produce evidence to show that (1) the conditions under which the attack took place posed a "substantial risk of serious harm," (2) the defendants had actual knowledge of but disregarded that substantial risk, and (3) causation. *Purcell ex rel. Estate of Morgan v. Toombs County,* 400 F.3d 1313, 1319 (11th Cir.

2005).

In order to show Eighth Amendment liability for failure to prevent harm, a prisoner must establish that prison officials acted with deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer v. Brennan,* 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* 833. "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

Mere negligence alone is not sufficient to support an Eighth Amendment violation and, therefore, is not actionable under § 1983. *Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir.1990) ("merely negligent failure to protect an inmate from attack does not justify liability under section 1983"); *see also Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) ("where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required").

The undersigned finds that, even construing all facts in favor of the Plaintiff as the non-movant, all Plaintiff has alleged is negligence on the part of Defendant Atkinson. Plaintiff does not allege that Defendant Atkinson knew or should have known of any danger to Plaintiff from inmate Cochran. In fact, Plaintiff states that Defendant Atkinson made a "mistake" when he unlocked the door of dorm B-4 which allowed Cochran to enter the area around Plaintiff. (Depo. p. 50-52). Plaintiff also states that Defendant Atkinson immediately ran to the scene of the fight and successfully stopped it without further injury to Plaintiff. Negligent behavior of this kind simply is not enough to establish a deprivation of constitutional proportions.

In addition, as Plaintiff has failed to show that a constitutional violation occurred, Defendant

5

Atkinson is entitled to qualified immunity. It is therefore the RECOMMENDATION of the undersigned that Defendant Atkinson's motion for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 8th day of November, 2010.

//S Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

msd